An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CAROLYN POWELL,
Appellant,
vs.
WFM-WO, INC., D/B/A WHOLE FOODS
MARKET,
Respondent.

No. 58674

**FILED**

FEB 04 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in a personal injury action. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

Appellant Carolyn Powell allegedly sustained injuries in connection with an incident that occurred on September 20, 2008, on the premises of WFM-WO, INC., d.b.a Whole Foods Market (Whole Foods). In October 2009, Powell's attorney sent Whole Foods a representation letter. Powell filed the underlying personal injury complaint in August 2010, 23 months after the incident.

Powell voluntarily petitioned for Chapter 13 bankruptcy protection in July 2009 with the aid of a separate attorney. Powell submitted her original schedule of assets in August 2009, and amended her schedule in both September 2009 and February 2010. Powell's original schedule and first two amendments did not list her personal injury claim as an asset or exemption. In March 2010, the bankruptcy court confirmed Powell's Chapter 13 repayment plan. However, Powell did not file an amended schedule to include the personal injury claim until April 2011, a month after Whole Foods filed its motion for summary judgment in the underlying matter in March 2011.

13-03691

In May 2011, the district court granted Whole Foods summary judgment, finding that judicial estoppel barred Powell's claim.[1] Powell now appeals, arguing that the district court erred in granting summary judgment by concluding that the judicial estoppel doctrine barred her from maintaining her personal injury action based on its finding that she failed to include the personal injury action as an asset or exemption in her Chapter 13 bankruptcy proceedings.

For the reasons set forth below, we conclude that the district court erred in granting Whole Foods' motion for summary judgment. Therefore, we reverse the district court's order. Because the parties are familiar with the facts and procedural history in this case, we do not recount them further except as is necessary for our disposition.

## The district court erred in granting summary judgment in favor of Whole Foods

Powell contends that the district court erred by granting Whole Foods summary judgment based on judicial estoppel principles. We agree.

We review a district court's grant of summary judgment de novo. Wood v. Safeway, Inc., 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.; NRCP 56(c). On appeal, we construe the pleadings and evidence "in a light most favorable to the nonmoving party." Wood, 121 Nev. at 729, 121

---

[1]In Powell's opposition to Whole Foods' motion for summary judgment, Powell did not include a supporting affidavit as required by NRCP 56(e). We note this practice is unacceptable procedurally; however, we do not address this issue further in this order.

P.3d at 1029. However, the nonmoving party bears the burden of demonstrating that a genuine issue of material fact exists. Id. at 732, 121 P.3d at 1031. General allegations and conclusory statements do not create genuine issues of material fact. Id. at 731, 121 P.3d at 1030-31. Furthermore, whether judicial estoppel applies is a question of law, which we review de novo. NOLM, LLC v. County of Clark, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004).

### Genuine issues of material fact exist as to whether Powell's failure to disclose was due to ignorance, fraud, or mistake

Judicial estoppel is an extraordinary remedy and only applies "when a party's inconsistent positions [arise] from intentional wrongdoing or an attempt to obtain an unfair advantage." NOLM, LLC, 120 Nev. at 743, 100 P.3d at 663 (alteration in original) (quotations omitted). A party cannot take its first position "as a result of ignorance, fraud, or mistake." Id. (quotations omitted).

Powell contends that no evidence exists of her deliberate or intentional manipulation of the court system, and she maintains that issues involving "state of mind" are not appropriate for summary judgment. Powell argues that there was insufficient evidence for the district court to find intent or deliberate conduct. We agree.

Here, viewing all evidence in the light most favorable to the nonmoving party, genuine issues of material fact exist regarding whether Powell's non-disclosure of the underlying personal injury matter in her bankruptcy proceedings was intentional. At the time of summary judgment, the evidence submitted showed that Powell did not list her personal injury claim as part of her bankruptcy schedules, and then Powell amended her schedules to include her claim following Whole Foods'

motion for summary judgment. Whole Foods argues that this court can infer deliberate intent to obtain an unfair advantage from Powell's actions; however, Powell argues no evidence of such intent exists. These are genuine issues of material fact.

Further, under NRS 21.090(1)(u), up to $16,150 of a debtor's personal injury claim is exempt from execution. The existence of this statutory provision could have played a role in Powell's initial decision not to disclose her personal injury action in the bankruptcy proceeding. Additionally, at least three separate attorneys represented Powell throughout the duration of her bankruptcy proceedings and personal injury claim. The record is unclear regarding the extent, if any, that these three attorneys interacted with each other.

The circumstances of this case indicate that Powell asserted two inconsistent positions in separate judicial proceedings, but genuine issues of material fact exist regarding whether Powell's action or inaction was deliberate or due to ignorance or mistake. To conclude otherwise would create strict liability through judicial estoppel anytime a party fails to disclose the existence of a personal injury claim on his or her bankruptcy schedule of assets.

Based on the foregoing, we conclude that the district court erred in granting summary judgment. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Parraguirre

cc:  Hon. Abbi Silver, District Judge
     William F. Buchanan, Settlement Judge
     Law Offices of Michael F. Bohn, Ltd.
     Kahle & Associates
     Eighth District Court Clerk

[2]Because we conclude that the district court committed reversible error by granting Whole Foods summary judgment, we do not address the other issues raised on appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A